### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-939-GPM |
| | ) |
| ROBERT SCHAFER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendant removed this case from the Circuit Court of Third Judicial Circuit, Madison County, Illinois on October 21, 2011 subject to 28 U.S.C. §§ 1441, 1446, claiming that this Court has original jurisdiction over the action pursuant to the complete diversity of the parties, as per 28 U.S.C. § 1332 (Doc. 2). Defendant correctly alleges that he is a citizen of Kansas, but alleges that Plaintiff is a citizen of Illinois only "[u]pon information and belief."

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995); *see also Thomas v. Guardsmark, LLC,* 487 F.3d 531, 533 (7th Cir. 2007) ("[A]n appellant's naked declaration that there is diversity of citizenship is never sufficient."); *Medical Assurance Company, Inc., v. Hellman,* 610 F.3d 371,

376 (7th Cir. 2010) ("[W]e have said that affidavits alleging citizenship based on 'the best of my knowledge and belief' are, by themselves insufficient to show citizenship in a diversity case."), *citing America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992).

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Defendant, the proponent of federal jurisdiction, is **ORDERED** to file an Amendment to the Notice of Removal **on or before November 4, 2011**, to establish Plaintiff's citizenship. If Defendant fails to file an Amendment to the Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will remand the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.")

**IT IS SO ORDERED.**

DATED: October 24, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge