## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON BURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.11-939-GPM |
| | ) |
| ROBERT SCHAFER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant removed this personal injury action from the Circuit Court of Madison County on October 21, 2011 pursuant to the Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (Doc. 2). Defendant claimed that Plaintiff was a citizen of Kansas and Defendant a citizen of Missouri. On June 6, 2012, Plaintiff filed a motion to remand, arguing that Defendant was, in fact, a citizen of Kansas and the parties were therefore not diverse (Doc. 24). Plaintiff also asked for attorneys' fees and costs associated with the "improper" removal. Defendant responded, stating that at the time of removal, Defendant was a student at the University of Missouri and had intended to remain in Missouri, but he was unable to find post-graduation employment in Missouri and returned to Kansas. Defendant attached an affidavit to the response, averring that he considered his residence to be Missouri (Doc. 33-1). Plaintiff moved to strike the affidavit, arguing that Defendant's affidavit was conclusory and contradicted Defendant's deposition testimony (Doc. 35). The Court held a hearing on the pending motions October 1, 2012.

"Domicile is determined by physical presence in a particular location with the intent to

remain there. There is no single factor that determines one's domicile; rather, it is a legal conclusion drawn from the totality of the circumstances. Courts consider, for example, such factors as current residence, place of employment, location of property, voter registration, driver's license registration, and payment of taxes." *Newell v. O & K Steel Corp.,* 42 Fed.Appx. 830, 833 (7th Cir. 2002) (internal citations and quotations omitted). Defendant was registered to vote in Kansas, had a Kansas driver's license, and filed taxes in Kansas. Defendant gave contradictory statements, between his deposition and his affidavit, regarding whether he intended to return to Kansas after college, but the Court does not find a college student's desire to remain in a certain state after graduation dispositive regardless. Taking into account the totality of the circumstances, the Court determines that Defendant was a domiciliary and citizen of Kansas. The Court is without jurisdiction and the case will be remanded.

Plaintiff's motion to strike Defendant's affidavit is **DENIED**. Plaintiff's motion for fees and costs is also **DENIED.** Defendant was residing in Missouri at the time this case was removed. The Court does not find that Defendant's basis for removal was objectively unreasonable. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005); *Micrometl Corp. v. Tranzact Technologies, Inc.,* 656 F.3d 467, 470 (7th Cir. 2011). Removal here was a mistake, but there are not unusual circumstances warranting the award of attorneys' fees and costs. *Id.*

Plaintiff's motion to remand is **GRANTED.** This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit of Madison County, Illinois, and will be closed on the Court's docket.

**IT IS SO ORDERED.**

DATED: October 1, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge